**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lannon Lavar Burdunice,

            Plaintiff,

v.

Siv Mjanger, Teresa Underwood, Paul Schnell
and William Bolin,

            Defendants.

Case No. 25-cv-4276 (JRT/DJF)


**ORDER**

---

## INTRODUCTION

This matter is before the Court on Plaintiff Lannon Lavar Burdunice's *Motion for Leave to Amend Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(2)* ("Motion to Amend") (ECF No. 21). Defendants oppose the Motion to Amend on the ground that Mr. Burdunice's proposed amendment is futile (ECF No. 25). The Court agrees with Defendants and thus denies Mr. Burdunice's Motion to Amend.

## BACKGROUND

Mr. Burdunice filed his original Complaint (ECF No. 1) on November 7, 2025. He alleged Defendants violated his civil rights under 42 U.S.C. § 1983 in connection with a habeas petition he filed in state court the previous April to challenge his conviction on charges of second-degree intentional murder and unlawful firearm possession. (*See* ECF No. 1 ¶ 5; Pet. for Writ of Habeas Corpus Relief Pursuant to Minn. Stat. § 589.01, Under Minn. Const. Art. I § 7, *Burdunice v. Bolin*, No. 82-cv-25-2729 (Minn. Dist. Ct. Apr. 30, 2025).) Defendant Siv Mjanger was the judge assigned to that matter. (*See, e.g.*, ECF No. 1 ¶ 14.) Mr. Burdunice's original Complaint alleged that Judge Mjanger and Teresa Underwood, a court administrator, deprived him of any meaningful opportunity to challenge his conviction because Judge Mjanger scheduled a hearing on his habeas petition, but

then canceled it and later denied the petition. (*See* ECF No. 1 ¶¶ 1, 17.) Mr. Burdunice's original Complaint also brought claims against Warden William Bolin and Commissioner Paul Schnell because they filed the motion that prompted Judge Mjanger to cancel the hearing.[1] (ECF No. 1 ¶ 15.) He asserted two causes of action, alleging Defendants violated his Fourteenth Amendment right to procedural due process and the Fourteenth Amendment's equal-protection guarantee. (*See id*. ¶¶ 19–29.) For relief, Mr. Burdunice sought: (1.) a declaratory judgment that Defendants' actions violated his Fourteenth Amendment rights; (2.) an injunction compelling Defendants to provide a full evidentiary hearing on Mr. Burdunice's challenge to his conviction; (3.) "punitive damages" of $1,000 against Judge Mjanger under Minn. Stat. § 589.07; (4.) $70,000 in compensatory damages "from the State"; and (5.) fees and costs.

On December 19, 2025, the undersigned Magistrate Judge issued a Report and Recommendation recommending that Mr. Burdunice's Complaint be dismissed on multiple grounds. (ECF No. 5.) First, the Court recommended denying any official-capacity claims for monetary damages on the basis that the Eleventh Amendment bars suits for damages against states in federal court. (ECF No. 5 at 4.) The Court further recommended denying the injunctive relief claims against Judge Mjanger as statutorily barred under 42 U.S.C. § 1983, and against the remaining defendants as barred by the *Rooker–Feldman* doctrine, a jurisdictional rule that bars federal district courts from hearing cases that, as a practical matter, ask the federal court to review or overturn a final state-court judgment. (ECF No. 5 at 5.)

The Court also recommended denying the individual capacity claims against Judge Mjanger

---

[1] Not. of Mot. and Mot. to Cancel the Hr'g Scheduled for June 20, 2020, *Burdunice v. Bolin*, No. 82-cv-25-2729 (Minn. Dist. Ct. June 3, 2025); Mem. In Supp. of Resp'ts' Mot. to Cancel the Hr'g Scheduled for June 20, 2020 at 1-2, *Burdunice v. Bolin*, No. 82-cv-25-2729 (Minn. Dist. Ct. June 3, 2025).

and Teresa Underwood as barred by judicial and quasi-judicial immunity (ECF No. 5 at 6), and dismissing the procedural due process claims against Defendants Schnell and Bolin on the ground that their motion to cancel Mr. Burdunice's habeas hearing was a proper exercise of the judicial process (ECF No. 5 at 7).  Finally, the Court recommended dismissing Mr. Burdunice's equal protection claims against Defendants Schnell and Bolin because Mr. Burdunice had neither alleged discrimination based on membership in a protected class nor alleged facts supporting a "class of one" claim.  (ECF No. 5 at 8.)  Mr. Burdunice objected to the Report and Recommendation on January 9, 2026, and his objection remains pending.  (ECF No. 8.)

Mr. Burdunice filed his Motion to Amend on February 6, 2026, seeking permission to file a new, Amended Complaint (ECF No. 21-1) to "respond[] to vulnerabilities" identified in the Court's Report and Recommendation.  (ECF No. 21 at 2.)  Mr. Burdunice identifies these vulnerabilities as potential: (1.) dismissal on Eleventh Amendment Sovereign Immunity grounds; (2.) misconstruction as only asserting claims against Defendants in their official capacities; (3.) dismissal based on judicial, quasi-judicial, and official-capacity doctrines; and (4.) dismissal based on imprecision.  (*Id.*)  Defendants argue the Court should deny Plaintiff's Motion to Amend based on the Amended Complaint's futility.  (ECF No. 25 at 1.)

<strong>DISCUSSION</strong>

## I.    Legal Standard

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  But there is no absolute right to amend a pleading, and a motion to amend may be denied based on a finding of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment."  *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (internal

3

quotation marks omitted).  The decision whether to grant leave to amend is left to the sound discretion of the district court.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Leftwich ex rel. Leftwich v. Cty. of Dakota*, 9 F.4th 966, 976 (8th Cir. 2021).

A motion for leave to amend a complaint is futile when the amended complaint would be unable to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail."  *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 267 (D. Minn. 2009) (citation and internal quotation marks omitted).

## II.    Analysis

Mr. Burdunice's proposed Amended Complaint adds no new facts and instead seeks to correct the original Complaint's deficiencies through legal citations and conclusions.  None of these amendments is sufficient to correct the deficiencies identified in the Court's Report and Recommendation (ECF No. 5).  Amendment is therefore futile.

Mr. Burdunice argues the proposed Amended Complaint is necessary because the Court could misconstrue the original Complaint as asserting claims only against the Defendants in their official capacities and thus dismiss it on Eleventh Amendment Sovereign Immunity grounds.  (ECF No. 21 at 2-3.)  To advance this argument, the proposed Amended Complaint adds declarations such as, "Plaintiff sues all Defendants in both their individual and official capacities" and "sued in their individual capacity."  (ECF No. 21-1 at 2-3.)  But these amendments are of no consequence, because the Report and Recommendation expressly considered Mr. Burdunice's claims against each

Defendant in their individual capacity and recommended any such claims be dismissed. (ECF No. 5 at 3 n.2.)

Mr. Burdunice next argues that the proposed Amended Complaint corrects potential improper dismissal based on judicial, quasi-judicial, and official-capacity doctrines, and that the proposed Amended Complaint is less "broad and imprecise" than the original. (ECF No. 21 at 2.) However, Mr. Burdunice's proposed Amended Complaint adds no new facts that would change the Court's recommendation of dismissal. Indeed, the proposed Amended Complaint adds no new facts at all. Though unlike the original Complaint, the proposed Amended Complaint asserts that Defendant Underwood "effectuat[ed] cancelation of the habeas hearing" (ECF No. 21-1 at 9), this allegation was already effectively present in the original Complaint and considered by the Court in its Report and Recommendation. (*See* ECF No. 1 at 3, alleging Defendant Underwood was "the official responsible for ensuring that orders issued by the district court … are executed in a timely and proper manner.") Instead of proffering new facts that might change the Court's analysis, Mr. Burdunice's proposed Amended Complaint adds a series of legal arguments and citations addressing why, in his view, judicial, quasi-judicial, and official capacity immunities should not bar his claims. (ECF No. 21-1 at 8-9.) Mr. Burdunice's legal arguments in response to the Court's Report and Recommendation are appropriately advanced in Mr. Burdunice's Objection to the Report and Recommendation, but they are not properly asserted in an Amended Complaint.

Mr. Burdunice's proposed Amended Complaint adds no new facts that would allow it to sustain a motion to dismiss. The Court therefore denies his Motion to Amend as futile.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED THAT** Plaintiff Lannon Lavar Burdunice's Motion for Leave to Amend Complaint

Pursuant to Federal Rules of Civil Procedure 15(a)(2) (ECF No. 21) is **DENIED**.

Dated: February 19, 2026                    *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge

6