**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LANNON LAVAR BURDUNICE,

                         Civil No. 25-4276 (JRT/DJF)

          Plaintiff,

v.

SIV MJANGER, *Judge of Washington
County District Court*;

                    **MEMORANDUM OPINION AND ORDER**
TERESA UNDERWOOD, *Court*           **ADOPTING REPORT AND**
*Administrator*;                **RECOMMENDATION AND DISMISSING**
                         **COMPLAINT**
PAUL SCHNELL, *Commissioner of
Corrections;* and

WILLIAM BOLIN, *Warden at MCF-
Stillwater*,

                    Defendants.

---

Lannon Lavar Burdunice, OID #234804, MCF Rush City, 7600 – 525th Street North, Rush City, MN 55069, *pro se* Plaintiff.

Jamal Zayed and Janine Wetzel Kimble, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101, for Defendants.

Plaintiff Lannon Lavar Burdunice is incarcerated at the Minnesota Correctional Facility in Rush City, MN, following his state court conviction for second-degree intentional murder and unlawful possession of a firearm. *See Burdunice v. State*, No. A23-0670, 2024 WL 413530 (Minn. Ct. App. Jan. 26, 2024). Burdunice brings this case against

several Defendants, including a state court judge, a court administrator, the Commissioner of the Minnesota Department of Corrections, and the Warden at MCF-Stillwater, for alleged violations of his civil rights under 42 U.S.C. § 1983.  On December 19, 2025, Magistrate Judge Dulce J. Foster issued a Report and Recommendation (R&R) recommending the case be dismissed without prejudice because Burdunice's Complaint failed to state any claim upon which relief could be granted.  Burdunice timely objected to the R&R.  After careful consideration, the Court will overrule Burdunice's objections, adopt the R&R, and dismiss this case without prejudice.

## BACKGROUND

The relevant facts and procedural history in this case are set forth in the Magistrate Judge's R&R.  *See Burdunice v. Mjanger*, Civ. No. 25-4276, 2025 WL 4945039 (D. Minn. Dec. 19, 2025).  In the R&R, the Magistrate Judge recommended that Burdunice's Complaint be dismissed without prejudice.  *Id.* at *4.  Burdunice timely objected to the R&R, lodging five objections to the Magistrate Judge's reasoning and recommendation. (Obj., Jan. 9, 2026, Docket No. 8.)

## DISCUSSION

### I.    STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and

-2-

provide a basis for those objections."  *Mayer v. Walvatne*, Civ. No. 07-1958, 2008 WL 4527774, at \*2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review but rather are reviewed for clear error.  *See, e.g.*, *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d. 1012, 1017 (D. Minn. 2015); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Burdunice is proceeding pro se.  A document filed by a pro se litigant must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.    ANALYSIS

Burdunice raises five objections to the Magistrate Judge's R&R.  After careful review, the Court concludes that none are meritorious.

**First,** Burdunice argues that "the R&R erroneously extends immunity to bar declaratory, injunctive, and damages relief."  (Obj. at 2.)  However, the Court concludes

that the Magistrate Judge's reasoning on the question of judicial and quasi-judicial immunity was sound.  The R&R correctly concluded that Burdunice's damages claims against Judge Mjanger and Underwood, a court administrator, are barred by judicial and quasi-judicial immunity.  *See Hamilton v. City of Hayti*, 948 F.3d 921 (8th Cir. 2020).  The R&R also correctly concluded that Burdunice's request for injunctive relief against Judge Mjanger is barred by 42 U.S.C. § 1983, and that his injunctive claims against the remaining Defendants (specifically, an injunction compelling a new hearing) are barred by the *Rooker-Feldman* doctrine, which generally prohibits federal courts from relitigating the merits of state court decisions.  *See Dodson v. Univ. of Ark. for Med. Sciences*, 601 F.3d 750, 754 (8th Cir. 2010) (per curiam).

As to Burdunice's claim for declaratory relief, the Eighth Circuit has recognized that "most courts hold that . . . § 1983 does not bar declaratory relief against judges." *Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019).  However, "retrospective declaratory relief cannot be granted as the Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Id.* (citations and internal quotation marks omitted).  In this case, Burdunice seeks declaratory relief in the form of "a declaration that Defendants' actions violated the Fourteenth Amendment." (Obj. at 2.)  This retrospective relief is barred by the Eleventh Amendment, and the Court will overrule Burdunice's objection to the Magistrate Judge's recommendation to dismiss his declaratory claims.

-4-

**Second,** Burdunice argues that "Judge Mjanger was not entitled to 'judicial discretion' because a hearing was required as a matter of law." (Obj. at 3.) This objection again seeks to relitigate the state court judge's legal conclusions. But, as the R&R correctly stated, judges are immune from liability under § 1983 unless the action was not taken in the judge's judicial capacity or the judge acted in "the complete absence of all jurisdiction." *Hamilton*, 948 F.3d at 925. There is no evidence that Judge Mjanger acted in the "absence of all jurisdiction." *Id.* Disagreement with the merits of Judge Mjanger's decisions does not create a cognizable claim.

**Third**, Burdunice argues that "the R&R improperly resolves factual and constitutional questions at the screening stage." (Obj. at 5.) Burdunice argues that the R&R improperly weighed Defendants' justifications, credited state court reasoning, and drew inferences against Burdunice. (*Id.* (citing 28 U.S.C. § 1915A).) However, the Magistrate Judge carefully considered the allegations in Burdunice's Complaint, concluded that none support a plausible claim for relief, and recommended this Court conclude as such; all of which were within the Magistrate Judge's proper role. The Court therefore will overrule this objection.

**Finally**, Burdunice raises two objections which the Court construes as policy-based objections to the Magistrate Judge's conclusions. Burdunice argues that "Defendants Bolin [MCF–Stillwater's warden] and Schnell [Minnesota's Commissioner of Correction] have no legitimate interest in preserving Plaintiff's conviction" and that adopting the R&R

would "undermine[] the integrity of the judicial branch and harm[] future litigants." (Obj. at 4.)   Neither of these objections raise any specific objection to the Magistrate Judge's legal reasoning, and the Court rejects the notion that the R&R's recommended outcome—dismissal without prejudice—harms any future litigants or undermines the judiciary.

## CONCLUSION

For these reasons, the Court will overrule Burdunice's objections, adopt the Magistrate Judge's R&R, and dismiss this matter without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Dulce J. Foster (Docket No. [5]) is **ADOPTED.**

2. Plaintiff's Complaint (Docket No. [1]) is **DISMISSED without prejudice**.

3. Plaintiff's Motion for Entry of Default (Docket No. [13]) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 3, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge